UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMARA L. KIRKLAND, <br><br> Plaintiff, <br><br> vs. <br><br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | 2:09-cv-00665 KJD-RJJ <br><br> REPORT & RECOMMENDATION <br> OF UNITED STATES <br> MAGISTRATE JUDGE <br> (Plaintiff's Motion to Quash (#1)) |

This matter came before the undersigned Magistrate Judge on Plaintiff Tamara L. Kirkland's Motion to Quash (#1).

**BACKGROUND**

On April 14, 2009, Plaintiff Tamara L. Kirkland filed a motion to quash a summons issued by the IRS and served on third-party record keeper, Wells Fargo Bank. The Court scheduled a hearing on the motion advising Kirkland that a "[f]ailure to appear may result in a recommendation that this case be dismissed." (#3). Kirkland failed to appear at the scheduled hearing.

**DISCUSSION**

The exclusive method by which a taxpayer can challenge a summons issued by the IRS and served on a third-party record keeper is found in 26 U.S.C. § 7609(b). *St. Claire v. United States*, 2010 WL 1245195 *2 (S.D. Cal.) (citing *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985)). Section 7609(b), and the applicable IRS regulations, set forth specific procedures which must be followed in order to institute a proceeding to quash. Failure to adhere to these procedures deprives the court of jurisdiction and requires dismissal.

**1. Standing**

A person seeking to quash an IRS summons must first establish that she has standing to do so. Pursuant to 26 U.S.C. § 7609(b)(2)(A), "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash ...." Section 7609(a)(1) provides that the IRS must give notice to "any person (other than the person summoned) who is identified in the summons ...." The Ninth Circuit has found that Congress intended this language to "limit the statutory right to notice of a summons's issuance and the statutory right to quash to those persons identified in the summons itself." *Stewart v. United States*, 511 F.3d 1251, 1254 (9th Cir. 2008) (concluding that the joint owner of several accounts not identified in an IRS summons lacked standing under section 7609(b) to challenge the summons validity even though it identified her spouse, the other joint owner). Consequently, only those persons identified in an IRS summons have standing to challenge the validity of the summons. *See Stewart*, 511 F.3d at 1253.

Here, Kirkland has failed to attach a copy of the IRS summons and the summons is not on the docket. Kirkland bears the burden of establishing that she has standing to institute these proceedings. Without a copy of the IRS summons it is impossible for the Court to determine whether such standing exists. Even if the court assumes standing, the motion still fails.

**2. Section 7609(b)**

A person entitled to notice of an IRS summons to a third-party record keeper must file a petition to quash within 20 days after the notice of the summons is given. 26 U.S.C. § 7609(b)(2)(A). The 20-day period is jurisdictional and a petition not filed within that time period must be dismissed. *St. Claire*, 2010 WL 1245195 *2 (citing *Ponsford*, 771 F.2d at 1309). The 20-day time period begins on the date that notice of IRS summons is mailed to the taxpayer, not the date on which the taxpayer receives the notice. *Id*. Further, because the 20-day period under section 7609(b) is jurisdictional, a petitioner is not entitled to three days for mail service under Rule 6. *St. Claire*, 2010 WL 1245195 *2; *Clay v. United States*, 199 F.3d 876, 880 (6th Cir. 1999); *Brohman v. Mason*, 587 F.Supp. 62, 63 (D.N.Y. 1984).

The record does not specify when Kirkland received notice of the IRS summons. The motion states that the summons was served on Wells Fargo, the third-party record keeper, on March 20,

2009. The IRS is obligated to provide notice to any person identified in the summons within 3 days of service on a third-party record keeper. 26 U.S.C. § 7609(a)(1). Thus, the notice in this case, if required, would have been sent to Kirkland no later than March 23, 2009–the motion to quash was filed 22 days after this date and is, therefore, untimely. Because the motion to quash was not filed within the 20-day time period set forth in section 7609(b), the court lacks jurisdiction and the motion must be dismissed.

Further, the person seeking to quash an IRS summons must mail a copy of the petition to quash "by registered or certified mail ... to the person summoned and to such office as the Secretary may direct in the notice ...." 26 U.S.C. § 7609(b)(2)(B). The Ninth Circuit has stated that "[t]he logical reading of the plain language is that a petitioner must *mail* the petition to quash to the third-party identified in the summons and to the IRS officer shown on the face of the summons within twenty days ...." *Mollison v. United States*, 568 F.3d 1073, 1076 (9th Cir. 2009) (emphasis in original). The failure to mail the petition to quash to either the party summoned or the IRS officer shown on the face of the summons within the statutory time period deprives the court of jurisdiction and requires dismissal.

This conclusion is supported by the applicable Treasury Regulations which provide, in pertinent part, as follows:

> (2) To institute a proceeding to quash a summons, a person entitled to notice of the summons must, not later than the 20th day following the day the notice of the summons was served on or mailed to such person –
>
> (i) File a petition to quash a summons in the name of the person entitled to notice of the summons in the proper district court;
>
> (ii) Notify the [IRS] by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy; and
>
> (iii) Notify the summoned person by sending registered or certified mail a copy of the petition to quash to the summoned person.

26 C.F.R. § 301.7609-4(b)(2)(i)-(iii). Further, "[i]f a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS ... that person has failed to institute a proceeding to quash and the district court lacks the jurisdiction to hear the proceeding." 26 C.F.R. § 301.7609-4(b)(3). The failure to timely institute a proceeding to quash raises a

presumption that the required notification was not timely mailed. 26 C.F.R. § 301.7609-4(c).

There is nothing in the record establishing that Kirkland has complied with statutory requirement to mail, by either registered or certified mail, a copy of the petition to quash to either Wells Fargo (the summoned party) or the IRS officer/office. Both registered and certified mail would generate an independently verifiable confirmation of receipt. The Court has not been presented with any confirming documents. Consequently, the Court finds that Kirkland has failed to meet her burden to demonstrate compliance with the statutory mailing requirements, another factor supporting the Court's conclusion that it does not have jurisdiction to consider this motion.[1]

### 3. Other Considerations

There are other considerations which weigh in favor of dismissing this action. For example, a motion to quash an IRS summons issued to a third-party records keeper must be filed in the district court in which the summoned person resides or is found. 26 U.S.C. § 7609(h)(1); 26 C.F.R. § 301.7609-4(a) and (b)(2)(ii). Other than an unsupported allegation from Kirkland, there is nothing in the record verifying that the party summoned in this case is located in Las Vegas, Nevada. Further, 26 U.S.C. § 7609(c)(2) identifies a number a of exceptions to section 7609(a) and (b). There is no right to institute a proceeding to quash an IRS summons that falls under an exception listed in section 7609(c)(2). Kirkland's failure to even provide a copy of the summons makes it impossible to determine whether this is a situation where a motion to quash is appropriate.

### RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Plaintiff's Motion to Quash (#1) be **DENIED** with prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before September 15, 2010.** The

---

[1] Kirkland must also demonstrate that she served the United States within 120 days as required by Rule 4(m). *Mollison*, 568 F.3d at 1076. The record is silent as to whether service was accomplished. Kirkland's failure to demonstrate appropriate service is another ground supporting dismissal of this motion.

- 4 -

1  Supreme Court has held that the courts of appeal may determine that an appeal has been waived due
2  to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).
3  This circuit has also held that (1) failure to file objections within the specified time and (2) failure
4  to properly address and brief the objectionable issues waives the right to appeal the District Court's
5  order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d
6  1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

7  DATED this  1st  day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge